Judge Robertson
delivered the opinion of the Court.
The question to be decided in this case is, whether a chancellor has jurisdiction of a bill to injoin a judgment on an appeal to the circuit court, from a justice, alleging that the complainant, who was the appellant, had a good defence at law, but-was prevented from making it, by the dismissal of his appeal, for some omission of the clerk in drawing the appeal bond?
We consider the case of Cave vs. Davis and Rice V. Monroe, 392, decisive of this question.
It is true that, that was a case in which the chan-cellorand common law judge or justice, had concurrent jurisdictioq. But the complaining party who was defendant before the magistrate, made his de-fence on the trial, in the country, without success, And, therefore, had no more right to appeal to the chancellor, than he would have had, if, originally, his only defence had been at law. For it is a general rule, that a party who relies in a court of law, on a matter of defence, (for instance fraud) which is ble, either at law or in chancery, will not be allow-éd, again to urge the same ground for relief in equity,
Whenever a party is prevented, without his fault, from making his defence at law-, he may be relieved In chancery.
Sanders} for plaintiffs;. Marshall, for defendants,
jn tLi's case, Saunders and Ferguson had a right to have their case investigated in the circuit court. appealed to that court for a full and fair trial. They were not permitted to make any defence whatsoever* ^ was n°t their fault that their appeal was dismissed. They assert, in their bill, that they had a good defence. They allege that they could have proved, if'they had been suffered to be heard, that they did not owe Jennings apy thing.
In such a case, the chancellor must interpose, or -there will be ho ‘remedy. If the appeal had been 'dismissed because the appellants were not attending to it, or had no evidence, or for any other cause over "Which they had control, their case would be irremediable. But they were dismissed from court because the clerk, through inadvertance, used one word, in the appeal bond, instead of another word.
Anew trial in the circuit court, in sucha case, ■could not be decreed; because the judgment of that court was right; and there could not bea trial of the appeal, without an appeal bond. N'or could this court direct a new trial by the magistrate. After the appeal to the circuit court, the justice can have no power over his judgment. And we suppose that this court would never direct a new trial of a case before a magistrate, because there is a prescribed remedy by appeal. But when that shall entirely fail, not by the neglect of the appellant or the demerit of his case, but in consequence of the omission of the clerk, or any other accident inevitable by the appellant, the chancellor, must have power, to relieve from the unjust effects of the mistake, or the accident. And he can administer relief only by injoining the, judgment and hearing the parties fully, and deciding between them, as he would do in a case of ordinary and indisputable chancery jurisdiction. .
Therefore, as the bill in this case, according to this ■ principle, contains equity, the court erred in dissolving the injunction and dismissing the bill on its face.
Wherefore, the decree is reversed, and the cause remanded for further'preparation, for a hearing on the merits.